IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK GUENTANGUE,  :
A 97-523-801,
                     :
    Petitioner,
                     :
vs.                            CA 06-0526-KD-C
                     :
W. W. BATEMAN, et al.,
                     :
    Respondents.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Petitioner's "traverse reply" to the respondent's answer (Doc. 13) was filed three days after the undersigned's entry of a report and recommendation finding his petition for writ of habeas corpus under 28 U.S.C. § 2241 prematurely filed (Doc. 12).

The undersigned takes the opportunity, in this supplemental report and recommendation, to address and reject Guentangue's argument that his present habeas attack does not fall within the confines of *Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001). It is petitioner's stated position that he is attacking his detention pursuant to the pre-removal provision of the Immigration and Nationality Act, INA § 236, 8 U.S.C. §

1226,[1] rather than the post-removal provision of the Act, 8 U.S.C. § 1231. (Doc. 13) In making this argument, petitioner relies upon *Quezada-Bucio v. Ridge*, 317 F.Supp.2d 1221 (W.D. Wash. 2004), the court holding in that case "that an alien is not subject to INA § 241 [8 U.S.C. § 1231] detention until the removal period begins." *Id*. at 1224; *see also id*. ("Section 241 authorizes

---

[1]  Section 1226 provides, in relevant part, as follows:

**(c)   Detention of criminal aliens**

**(1)   Custody**

The Attorney General shall take into custody any alien who–

**(A)**  is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title;

**(B)**  is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

**(C)**  is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

**(D)**  is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c) (footnote omitted).

detention '[d]uring the removal period.' . . . Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236."). Guentangue contends, therefore, that because the removal period set forth in 8 U.S.C. § 1231 has not yet begun to run that his § 2241 attack on his detention is governed by INA § 236, set forth at 8 U.S.C. § 1226, rather than 8 U.S.C. § 1231 and *Zadvydas*. (Doc. 13)

Petitioner's argument in this regard need fail. As recognized by the district court in *Quezada-Bucio*, "courts have issued published opinions that reach different conclusions regarding whether detention shifts from INA § 236 to INA § 241 when the order of removal becomes 'final' or rather when the 'removal period begins.'" *Id*. at 1223 (citations omitted). One of the courts that has staked a position contrary to that set forth in *Quezada-Bucio* is the Eleventh Circuit Court of Appeals. In *De La Teja v. United States*, 321 F.3d 1357 (2003), the Eleventh Circuit held that once a final removal order has been entered, an alien, initially detained pursuant to 8 U.S.C. § 1226(c)--governing detention prior to a final removal order--becomes detained pursuant to 8 U.S.C. § 1231(a), "which controls the detention and removal of an alien subject to a final order of removal." *Id*. at 1363. There can be no doubt but that

Guentangue, since September 26, 2006, has been the subject of a final order of removal, *see* 8 C.F.R. § 241.1(d) (2005) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal[.]"); therefore, petitioner is now being detained pursuant to INA § 241(a), 8 U.S.C. § 1231(a), and the undersigned's analysis of his habeas attack on his present detention, set forth in the Report and Recommendation dated October 20, 2006 (Doc. 12), is correct and need not be amended to reflect a different disposition.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 27th day of October, 2006.

       s/WILLIAM E. CASSADY
       **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  s/WILLIAM E. CASSADY
                                                  UNITED STATES MAGISTRATE JUDGE